UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY LOCKLEAR,

        Plaintiff,                      CIVIL ACTION NO. 11-12832

        v.                             DISTRICT JUDGE BERNARD A. FRIEDMAN

VASCOR, LTD.,                    MAGISTRATE JUDGE MARK A. RANDON

        Defendant.
_____/

**OPINION AND ORDER GRANTING-IN-PART AND DENYING-IN-PART
PLAINTIFF'S MOTION FOR LEAVE TO AMEND (DKT. 14)**

This is a premises liability action that Plaintiff seeks to convert into a negligence action. Plaintiff Gary Locklear ("Plaintiff") alleges, generally, that he was injured when he slipped and fell on black ice on property that Defendant Vascor, Ltd. ("Defendant") had a duty to maintain. Plaintiff's "motion for leave to amend complaint to conform with deposition testimony" (Dkt. 14) is pending. Judge Bernard Friedman referred (Dkt. 15) Plaintiff's motion to this Magistrate Judge for hearing and determination. Defendant filed a response (Dkt. 17) to Plaintiff's motion, and Plaintiff filed a reply (Dkt. 18). The Court scheduled oral argument on Plaintiff's motion for April 5, 2012 (Dkt. 16). On that date, counsel for Defendant appeared to contest Plaintiff's motion, but Plaintiff's counsel did not appear. Having reviewed the parties briefs, and being otherwise fully advised, it is hereby **ORDERED** that Plaintiff's motion for leave to amend is **GRANTED IN PART AND DENIED IN PART**.

I. FACTS AND PROCEDURAL HISTORY

Plaintiff filed suit on January 18, 2011 in the Macomb County Circuit Court (Dkt. 1; Ex. 1). Plaintiff's original Complaint alleged two causes of action – premises liability and gross negligence. *Id.* Plaintiff's Complaint alleges that he worked at a Chrysler plant in Sterling Heights, Michigan as a general manager for a company called Freight Consolidate Services, which loaded newly built Chrysler cars onto railroad cars for transport. *Id.* at ¶ 10. Plaintiff alleges that Chrysler Group, LLC (which was once a Defendant in this matter, but has since been dismissed by Plaintiff; Dkt. 5) contracted with Defendant Vascor to "re[-]lease vehicles and maintain the premises of the" car plant. *Id.* at 8. Plaintiff further alleges that, on February 8, 2008, he was working on an outdoor loading dock at the plant when he slipped and fell on black ice. *Id.* at ¶ 18. Plaintiff claims that this slip and fall severely injured him and rendered him permanently disabled from work. *Id.* at 20.

On June 30, 2011, Defendant removed the case to this Court, on the basis of diversity jurisdiction (Dkt. 1). The parties then conducted discovery, and stipulated to several extensions of the scheduling order deadlines (Dkts. 10, 13). Discovery is currently scheduled to close on May 24, 2012, dispositive motions are due by June 24, 2012 and a final pretrial conference is set for August 20, 2012 (Dkt. 13).

On March 8, 2012, Plaintiff filed a "motion for leave to amend complaint to conform with deposition testimony" (Dkt. 14). Plaintiff attached a proposed "Third Amended Complaint" to his motion for leave to amend (Dkt. 14; Ex. 2).[1] Plaintiff's motion seeks to add a third cause

---

[1] This document appears to be mislabeled, since no "Second Amended Complaint" appears on the docket.

of action for "active negligence," based upon Defendant's "failing to identify, catalogue and release certain vehicles located on the shipping yard, such that these vehicles became lost." *Id.* at ¶ 30. Plaintiff thus claims that Defendant's act of "losing cars" caused him to traverse the frozen shipping yard more than he ordinarily would have in an effort to locate the "lost cars." Plaintiff's proposed Amended Complaint also makes certain factual changes (*i.e.*, that he suffered a second slip and fall (on February 10, 2008) and that his injuries occurred at the Sterling Assembly Plant, rather than the Sterling Stamping Plant).[2]

## II. STANDARD FOR LEAVE TO AMEND

When a party wishes to amend a pleading after the opposing party's responsive pleading has been served, it may only do so by leave of court or by written consent of the adverse party. *See* Fed. R. Civ. P. 15(a). When a motion for leave to amend is before the court, Rule 15(a) provides that "leave shall be freely given when justice so requires." *Id.* "Although Rule 15(a) indicates that leave to amend shall be freely granted, a party must act with due diligence if it intends to take advantage of the Rule's liberality," *United States v. Midwest Suspension & Brake*, 49 F.3d 1197, 1202 (6th Cir. 1995), because, despite the Rule's liberality, leave to amend "is by no means automatic." *Little v. Liquid Air Corp.*, 952 F.2d 841, 845-46 (5th Cir. 1992). The decision to grant or deny a motion to amend a pleading is left to the sound discretion of the district court. *See Robinson v. Michigan Consol. Gas Co., Inc.*, 918 F.2d 579, 591 (6th Cir.1990). When determining whether to grant leave to amend, the court is to consider several factors:

Undue delay in filing, lack of notice to the opposing party, bad faith by the

---

[2] As to these factual corrections, only, Plaintiff's motion for leave to amend is granted.

> moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment are all factors which may affect the decision. Delay by itself is not sufficient reason to deny a motion to amend. Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted.

*Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989) (quoting *Hageman v. Signal L.P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973)). Regarding futility, "if the district court concludes that 'the pleading as amended could not withstand a motion to dismiss,' the court may deny the motion to amend, thereby saving the parties and the court the expense of having to confront a claim doomed to failure from the onset." *Id.* (quoting *Head v. Jellico Housing Authority*, 870 F.2d 1117, 1123 (6th Cir. 1989)). "When amendment is sought at a late stage in the litigation, there is an increased burden to show justification for failing to move earlier." *Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 458-59 (6th Cir. 2001).

### III. ANALYSIS

In a premises liability action, the plaintiff must establish the elements of a negligence claim: (1) the defendant owed the plaintiff a duty, (2) the defendant breached that duty, (3) the breach was the proximate cause of the plaintiff's injury, and (4) the plaintiff suffered damages. *See Poole v. Hayman Co.*, 272833, 2007 WL 1555728 (Mich. Ct. App. May 24, 2007). The open and obvious doctrine[3] relates to a claim sounding in premises liability, as opposed to one sounding in ordinary negligence. *See Laier v. Kitchen*, 266 Mich. App. 482, 484, 702 N.W.2d

---

[3] "In general, a premises possessor must exercise reasonable care to protect invitees from an unreasonable risk of harm caused by a dangerous condition on the land. However, this duty does not generally require the removal of open and obvious dangers." *Ghaffari v. Turner Const. Co.*, 473 Mich. 16, 21, 699 N.W.2d 687, 690 (2005) (internal citations omitted).

199 (2005). A claim sounds in premises liability when the injury results from a condition on the land; however, a claim sounds in ordinary negligence when the injury results from "the overt acts of a premises owner on his or her premises." *Kachudas v. Invaders Self Auto Wash, Inc*., 486 Mich. 913, 914, 781 N.W.2d 806 (2010). To determine whether Plaintiff's claim sounds in premises liability or negligence, this Court must look to the substance of the proposed Amended Complaint and the theory underlying the action rather than the labels attached to the claims by Plaintiff. *See Hiner v. Mojica*, 271 Mich.App. 604, 615, 722 N.W.2d 914 (2006); *Johnston v. City of Livonia*, 177 Mich.App. 200, 208, 441 N.W.2d 41 (1989).

"Active negligence refers to activities – that is, action or conduct – on the premises, as opposed to the condition of the premises itself." *Poole v. Hayman Co.*, 272833, 2007 WL 1555728 (Mich. Ct. App. May 24, 2007). Plaintiff asserts that his allegation that Defendant "lost cars" in the shipping yard is sufficient to render his claim as one sounding in negligence as opposed to premises liability. However, the proposed Amended Complaint alleges that the slip and fall resulted from an unsafe condition on the land – that is, black ice. Indeed, the proposed Amended Complaint repeatedly indicates that Plaintiff slipped and fell on black ice. What is missing from the proposed Amended Complaint, however, is an allegation that some conduct by Defendant *caused* the black ice to develop. Thus, because Plaintiff's injury arose out of a condition on the premises, the claim appears to sound exclusively in premises liability and not in negligence.

In his reply brief (Dkt. 18 at 3-4), Plaintiff relies on *Berryman v. K Mart Corp*., 193 Mich. App. 88, 91-92, 483 N.W.2d 642, 645 (1992) in an attempt to shoehorn this case into a negligence action. In *Berryman*, the plaintiff fell on a freshly mopped, wet floor in a K-Mart

store.  The Michigan court of appeals reversed the trial court's decision to grant a directed verdict for K-Mart and remanded the case for a new trial on the issue of whether the active negligence of K-Mart caused the plaintiff's injuries.  The active negligence contemplated in *Berryman*, however, was that the actions of K-Mart "caused the condition that led to Mrs. Berryman's fall."  *Berryman v. K Mart Corp.*, 193 Mich. App. at 93.  Translated to the present case, in order to state a claim for "active negligence" Plaintiff must plead that Defendant "owed [him] a duty, that defendant breached that duty *by creating a condition that was dangerous*, that the condition created caused [his] injury, and that []he suffered damages."  *Id.* (emphasis added).

    Again, Plaintiff fails to allege that some active conduct by Defendant – for example, breaking a pipe, clogging a drain and causing it to overflow, driving vehicles across snow and compacting that snow into black ice, or leaving a water hose running – *caused* the build-up of black ice in the shipping yard.  Plaintiff's allegation that Defendant "lost" cars is insufficient to state a valid claim for active negligence since this act did nothing to contribute to the creation of the allegedly dangerous condition – black ice.  As such, this Magistrate Judge finds that Plaintiff's attempt to bring an "active negligence" claim against Defendant would be futile, since it could not survive a motion to dismiss.  Accordingly, Plaintiff's motion for leave to amend is granted in part and denied in part.  Plaintiff is permitted leave to amend to make certain factual corrections (*i.e.*, that Plaintiff allegedly suffered a second slip and fall, and to correct the location where Plaintiff claims he was injured), but Plaintiff is not permitted to amend the Complaint to add an "active negligence" count.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's motion for leave to amend (Dkt. 14) is

**GRANTED IN PART AND DENIED IN PART.**

**IT IS SO ORDERED.**

        s/Mark A. Randon
        MARK A. RANDON
        UNITED STATES MAGISTRATE JUDGE

Dated: May 17, 2012

### CERTIFICATE OF SERVICE

*I hereby certify that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on May 17, 2012*

        *s/Melody R. Miles*
        *Case Manager to Magistrate Judge Mark A. Randon*
        (313) 234-5542